# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.F.**

**No. 19-0861** (Raleigh County 18-JA-192-K)

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.S., by counsel Matthew A. Victor, appeals the Circuit Court of Raleigh County's September 6, 2019, order terminating her parental rights to K.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Winifred L. Bucy, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed a child abuse and neglect petition against petitioner and the father after receiving a referral indicating the child, who was then approximately eighteen months old, had ingested a marijuana edible and was high for approximately fifteen to sixteen hours. The referral also indicated that the parents did not seek medical treatment for the child. The DHHR initiated an investigation, and a caseworker visited petitioner's home. Upon arriving at the home, the caseworker found the front door open and a strong scent of marijuana emanating from inside the home. Petitioner initially denied smoking marijuana and denied that the child had ingested marijuana, but eventually confessed to both. The caseworker instructed petitioner to take the child to the hospital to be examined. Testing showed that the child tested positive for marijuana.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

A temporary protection plan was implemented, and petitioner was provided with services including an in-home safety plan, random drug screening, and supervised visitation. However, petitioner subsequently engaged in domestic violence against the father, was arrested, and was later wounded by gunshot in an unrelated incident. Upon treatment at the hospital, petitioner tested positive for marijuana, methamphetamine, amphetamines, and morphine. The DHHR concluded that the child could not be left in the home because of petitioner's issues with drug abuse and domestic violence. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in September of 2018. Petitioner stipulated to the allegations of abuse and neglect contained in the petition and requested a post-adjudicatory improvement period. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period. As part of the terms and conditions of her improvement period, petitioner was required to comply with any services offered to her, complete substance abuse treatment, and submit to a psychological evaluation. At a status hearing held in November of 2018, the DHHR proffered that petitioner was not complying with services. A final review hearing was held in March of 2019, during which petitioner requested an extension to her post-adjudicatory improvement period. The guardian objected, noting that petitioner had failed to consistently participate in services and continued to test positive for marijuana. Ultimately, the circuit court granted petitioner an extension over the guardian's objection.

In May of 2019, the circuit court held a review hearing on petitioner's extended improvement period. Petitioner failed to attend, but was represented by counsel. The DHHR proffered that petitioner's behavior had regressed and she continued to abuse drugs. Moreover, petitioner failed to visit with the child or cooperate with other services. The guardian read a portion of her report into the record, noting that "[petitioner] has regularly tested positive for THC, most recently on the 15th of April. She's missed 62 screens out of 105 screen appointments. Only three of which were negative. In addition to THC, she's also tested positive for amphetamines, methamphetamines and morphine." The guardian also noted that petitioner failed to visit the child or "actively participate[] in services for a good while." The circuit court suspended further services unless petitioner contacted the DHHR to ask for them and scheduled the dispositional hearing.

The circuit court held a dispositional hearing over the course of two days during July and August of 2019. Petitioner requested that the circuit court grant her a post-dispositional improvement period. The DHHR presented the testimony of a Child Protective Services ("CPS") worker, who testified that petitioner complied with certain services, such as domestic violence and substance abuse classes, for a few weeks before completely ceasing services in April of 2019. The worker also testified that petitioner tested positive for several illegal and non-prescribed substances throughout the proceedings and submitted only three negative screens. Further, the CPS worker testified that petitioner failed to complete a substance abuse treatment program. According to the worker, petitioner first checked into a treatment program on July 9, 2019, but stayed only one day. Petitioner then checked into a second program on July 30, 2019, and stayed five days. Finally, petitioner checked herself in to a third program four days before the August of 2019 dispositional hearing. A service provider testified that petitioner missed several visits with the child and had not attempted to visit with her since April of 2019. A second service provider testified that petitioner

also ceased participating in parenting and adult life skills classes around April of 2019. The service provider opined that, as of the last class petitioner attended, she still needed parenting classes.

Petitioner testified that she participated in parenting and adult life skills classes and supervised visitation throughout February of 2019 and March of 2019. Petitioner opined that she thought her classes and visits went well and that she had a job, an apartment, and a car. Petitioner testified that she "was doing everything that [she] should be doing." However, petitioner conceded that she relapsed on heroin and marijuana. Petitioner also admitted that she spent only one day at the first treatment program she entered, explaining "treatment doesn't always work the first time." Petitioner also explained that she completed the second program, which was a five-day detoxification program. Petitioner claimed that she had not been able to contact service providers or the DHHR because someone broke her cell phone.

Following the close of all evidence, the circuit court denied petitioner's request for a post-dispositional improvement period and terminated her parental rights. The circuit court noted that petitioner made no effort to arrange visits with the child after April of 2019. The circuit court further noted that petitioner failed to participate in services, maintain contact with the DHHR, and address her substance abuse issues. The circuit court found that petitioner failed to consistently submit to drug screens and, on the few occasions she did screen, tested positive for non-prescribed or illicit drugs. While petitioner recently entered into some treatment programs and "attempted to right the ship and combat her drug addiction," the court determined "it is, in fact, too little, too late." Based on these facts, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the July 30, 2019, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The father voluntarily relinquished his parental rights to the child. The permanency plan is adoption by the child's great-grandparents. The concurrent permanency plan is guardianship by the great-grandparents.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-dispositional improvement period.[3] According to petitioner, she remedied her issues with domestic violence and, therefore, needed solely to focus on treating her substance abuse. Petitioner contends she was participating in substance abuse treatment programs as of the dispositional hearing and would have been reunited with her child if the circuit court had granted her a post-dispositional improvement period. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when,

> [s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner was granted a post-adjudicatory improvement period with a three-month extension. Therefore, in order to be granted a post-dispositional improvement period, she was required to demonstrate (1) a substantial change in circumstances, and (2) the likelihood that she would fully participate in an improvement period. However, petitioner failed to demonstrate either of these requirements. In her brief on appeal, petitioner does not state what "substantial change in circumstances" she experienced that would have warranted a post-dispositional improvement period. Moreover, petitioner fails to show that she was likely to fully participate in another improvement period. While it is true that petitioner entered into a substance abuse treatment program, she did so only four days prior to the final dispositional hearing. Further, petitioner stayed only one day at the first program she attended. Petitioner also failed to comply with parenting and adult life skills classes after April of 2019, tested positive for marijuana and other drugs throughout the proceedings, and failed to arrange visits with the child after April of 2019. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *Katie S.*, 198 W. Va. at 90 n.14, 479 S.E.2d at 600 n.14 (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Given petitioner's failure to meaningfully address her substance abuse issues and

---

[3]At times, petitioner states that the circuit court erred in denying her an extension to her improvement period. However, the record shows that petitioner requested that the circuit court grant her a post-dispositional improvement period, not an extension to her post-adjudicatory improvement period. Accordingly, we will treat petitioner's argument as solely relating to a request for a post-dispositional improvement period.

consistently visit with her child, we find no error in the circuit court's decision to deny petitioner's motion for a post-dispositional improvement period.

We likewise find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to respond to or follow through with the rehabilitative efforts provided to her. Petitioner was granted an improvement period in September of 2018. The record indicates that petitioner did not fully comply with services. Despite her noncompliance, petitioner was granted an extension to her post-adjudicatory improvement period in March of 2019, as she had somewhat participated in services and supervised visitation throughout February and March of 2019. However, as noted above, petitioner completely ceased participating in classes and supervised visitation in April of 2019. Petitioner also failed to maintain contact with the DHHR, did not attempt to reschedule any services, and simply absented herself from the proceedings. Further, the record indicates that petitioner missed as many as 62 out of 105 scheduled drug screens. On the occasions petitioner submitted to drug screens, she tested positive for illegal substances. Although petitioner claims that she was attempting to address her substance abuse as of the final dispositional hearing, the circuit court noted that it was simply "too little, too late." We agree and find that the foregoing demonstrates that petitioner was not reasonably likely to correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. While petitioner argues that she should have been granted a post-dispositional improvement period prior to the termination of her parental rights, this Court has previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given petitioner's failure to follow through with services designed to correct the conditions of abuse and neglect, we find no error in the circuit court's decision to terminate petitioner's parental rights without first granting her a post-dispositional improvement period.

5

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 6, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison